UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JOHN M CAMPOS,                                §
                                              §
            Plaintiff,                        §
                                              §
VS.                                           §   CIVIL ACTION NO. 2:15-CV-398
                                              §
THE CITY OF BEEVILLE,                         §
                                              §
            Defendant.                        §

## OPINION AND ORDER DENYING MOTION
## FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate at the Bee County Jail in Beeville, Texas.  Proceeding *pro se*

and *in forma pauperis,* plaintiff filed a civil rights complaint pursuant to 42 U.S.C. §

1983, alleging that the City of Beeville and its police officers violated his Fourth and

Fourteenth Amendment Constitutional Rights when they provided false information to

obtain a search warrant, and then surrounded his home with SWAT officers to serve the

warrant and arrest him (D.E. 1).  Pending is plaintiff's motion for appointment of counsel

(D.E. 9).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right

of access to the courts requires that the access be meaningful; that is, prison officials must

provide pro se litigants with writing materials, access to the law library, or other forms of

legal assistance.  Bounds v. Smith, 430 U.S. 817, 829 (1977).  There is, however, no

constitutional right to appointment of counsel in civil rights cases.  Akasike v.

Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir.

1982).  Further, Bounds did not create a "free-standing right to a law library or legal

assistance."  Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996).  It is within the court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment.  28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel.  Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)).  The first is the type and complexity of the case.  Id.  This case is not complex.  Plaintiff's allegations are serious but not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case.  Id.  Plaintiff's pleadings demonstrate he is reasonably articulate and intelligent.  Plaintiff appears, at this early stage of the case, to be in a position to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.  Id.  Examination of this factor is premature because the case has not yet been set for trial.  Plaintiff's allegations have not yet been screened pursuant to 28 U.S.C. §§ 1915, 1915A.  The case is scheduled for an evidentiary hearing on October 20, 2015.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case.  The Court has the authority to award attorneys' fees to a prevailing plaintiff.  42 U.S.C. § 1988.  Plaintiff is not prohibited from hiring an attorney

on a contingent-fee arrangement.  Plaintiff's motion for appointment of counsel (D.E. 9)

is denied without prejudice at this time.  This order will be *sua sponte* reexamined as the

case proceeds.

ORDERED this 15th day of October, 2015.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE